1          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF NEW YORK
2

3    UNITED STATES OF AMERICA,        )
                        Plaintiff,    )    15-CR-00601 (DLI)
4                                     )
                                      )
5    V.                               )    United States Courthouse
                                      )    Brooklyn, New York
6                                     )
     YING LIN,                        )    TUESDAY, DECEMBER 22, 2015
7                                     )    10:00 a.m.
                        Defendant.    )
8    _____)

9

         TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
10          BEFORE THE HONORABLE DORA L. IRIZARRY
               UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES:
     FOR THE GOVERNMENT:    ROBERT L. CAPERS
13                          United States Attorney
                            BY:  DOUGLAS PRAVDA
14                          Assistant United States Attorney
                            Eastern District of New York
15                          271 Cadman Plaza East
                            Brooklyn, New York 11201
16

17   FOR THE DEFENDANT:     COLSON & HARRIS LLP
                            BY:  DEBORAH COLSON, ESQ.
18                          80 Broad Street, 19th Floor
                            New York, New York 10004
19

20   THE COURT REPORTER:    NICOLE CANALES, RPR, CSR
                            225 Cadman Plaza East
21                          Brooklyn, New York 11201
                            cnlsnic@aol.com
22

     Proceedings recorded by mechanical stenography, transcript
23   produced by Computer-Assisted Transcript.

24

25

1          THE CLERK:  Criminal Cause for Status Conference,

2    Docket Number 15CR601, United States versus Ying Lin.

3          Please state your appearances.

4          MR. PRAVDA:  Good morning, your Honor.  Doug Pravda

5    for the United States.

6          THE COURT:  Good morning.

7          MS. COLSON:  Good morning, your Honor.  Deborah

8    Colson for Ying Lin.

9          THE COURT:  Good morning.

10          Good morning, Mr. Lin.

11          THE DEFENDANT:  Good morning.  Ying Lin.  I'm the

12    defendant.

13          THE COURT:  Good morning.  Ms. Lin is being assisted

14    by the Mandarin interpreter.  You're not interpreting.

15          THE INTERPRETER:  She told me not to, unless she

16    would like me to interpret.

17          THE COURT:  Does your client need a Mandarin

18    interpreter or not?

19          MS. COLSON:  She speaks English very well, but there

20    were some words she did not understand at her arraignment, so

21    I asked that an interpreter be present today.

22          THE COURT:  If an interpreter is going to be present

23    here, then the interpreter has to be used for the entire

24    proceeding; and I'm assuming if an interpreter is here, it's

25    because the interpreter is needed, so she can't have it both

1   ways.  Either she needs the interpreter or she doesn't.

2          MS. COLSON:  I believe she needs the interpreter,

3   then.

4          THE COURT:  All right.  Then we'll have the

5   interpreter do his job.  May we have your name, please, for

6   the record.

7          THE INTERPRETER:  John Lau, L-a-u.

8          THE COURT:  Good morning.  And may we have Mr. Lau

9   sworn, please.

10         THE CLERK:  Please raise your right hand.  Do you

11  affirm that you will well and truly interpret the proceedings

12  before the Court?

13         THE INTERPRETER:  Yes, I do.

14         THE CLERK:  Thank you.

15         THE COURT:  Ms. Lin, you would do yourself a great

16  service by following the advice of your attorney moving

17  forward.

18         Who is this other person at the table?

19         MS. COLSON:  This is Todd Newhouse.  He's an

20  associate in my office.  I apologize for not introducing him

21  initially.

22         THE COURT:  Good morning, sir.

23         MR. NEWHOUSE:  Good morning.

24         THE COURT:  I have reviewed the docket on this

25  matter, and I see that this is the first initial appearance

1  before me.

2         Ms. Lin, my name is Dora Irizarry.  I am a district

3  judge who is assigned to handle this matter, and you will be

4  appearing before me for all matters except for those matters

5  that I might refer to the magistrate judge.

6         And I see that she has been arraigned on the

7  indictment and has had bail set by the magistrate judge.

8  The Court is also in receipt of a last-minute memorandum of

9  law submitted in support of a motion for a pretrial conference

10 that was received by the Court yesterday afternoon.  I don't

11 understand why I couldn't have been given a few more days'

12 notice, Mr. Pravda.

13         MR. PRAVDA:  I apologize, your Honor.  What the

14 government's intent was, to ask the Court to set another

15 status conference in approximately 30 days.  We have already

16 begun producing discovery to the defendant.  We sent some

17 discovery out yesterday.  We're also gathering additional

18 financial records and additional documents with Ms. Colson's

19 request, and we should be ready to produce those additional

20 documents, I would say, shortly after the New Year.  However,

21 there's also a body of classified information relating to this

22 particular defendant.

23         I don't know that anything in that classified

24 information will relate to the obstruction charge; however,

25 the government, obviously, has Brady and Giglio obligations to

1  review all that material in connection with this case, and so

2  the purpose of filing that motion, your Honor, just to give

3  you a heads-up that what we will do is at the next status

4  conference, ask the Court to also set a schedule with respect

5  to discovery in any potential pretrial motion with respect to

6  classified information.

7          I apologize if I didn't get to that until a few days

8  ago, so that you would have more time to review that.  All

9  we're asking for in the motion is that the next status

10  conference date also be designated a CEPA Section 2

11  conference, so that we can have the discussion at that status

12  conference, with respect to when the government will have

13  completed the review of the classified ordinance and how we

14  might set a schedule going forward.

15          THE COURT:  I would expect that given the number of

16  terrorism cases that have been filed within the 2nd Circuit,

17  certainly within the past decade, that there would be a more

18  updated brief with some 2nd Circuit cases, other than this

19  canned brief that I was provided with, some cases that are

20  over 30 years old.  There isn't a single 2nd Circuit case

21  cited in this brief or a case from this district.

22          The other issue that I take with the government is

23  that if there is going to be classified information, why

24  the Court wasn't given more notice previously, even by an

25  ex parte letter; because I'm going to have to have my law

1  clerks given security clearance.  Or do you think that I'm

2  going to have to review all these motions by myself and all

3  these documents by myself?  The security clearance takes a

4  long time, in my experience, but that didn't cross your mind.

5  And you didn't notify DOJ to make sure that DOJ would have its

6  people from the office that deals with these issues, the

7  liaison with the court -- and I forget the exact name of the

8  office within the DOJ that does this -- to notify the Court,

9  so that we can get that process rolling.  This case was filed

10  in August.  It takes months for these security clearances to

11  go through.

12          MR. PRAVDA:  We should have notified you after the

13  case was assigned to you at the beginning of this month.  I

14  did think that notifying you, at this time, was a first status

15  conference, would be sufficient.  But I apologize, your Honor;

16  you're entirely right that the ball should have been rolling,

17  with respect to the court information security officer and

18  having your law clerks cleared.  I have already notified

19  the court information security officer with respect to the

20  possibility of classifying information in this case, and I

21  imagine he will be in contact with the Court and the law

22  clerks shortly, as well as Ms. Colson --

23          THE INTERPRETER:  Can he use the mike?

24          THE COURT:  He is using the microphone.  Let's see

25  if we can get the volume a little higher.  If you can speak

1   directly into -- what did you not hear?

2          THE INTERPRETER:  Just last bit, what --

3          THE COURT:  Could you just repeat the last couple of

4   things that you said, Mr. Pravda.

5          MR. PRAVDA:  Yes.  I apologize.  I was saying that I

6   have already notified the court information security officer

7   with regard to this case, so I imagine that individual will be

8   in touch with the Court shortly.

9          THE COURT:  When did you notify them?

10         MR. PRAVDA:  I notified them this morning,

11  your Honor.

12         THE COURT:  Just this morning?

13         MR. PRAVDA:  Yes, your Honor, after --

14         THE COURT:  In the middle of the holiday season.  So

15  that's not getting the ball rolling.  Getting the ball rolling

16  would have been notifying them in November, a month ago.

17         MR. PRAVDA:  Well, your Honor, I couldn't have

18  notified them prior to the time that the case was assigned to

19  this court.  As I said, I did think that in providing notice

20  at the first status conference would be sufficient, but I

21  apologize for not having done so previously.

22         THE COURT:  This case was indicted in November and

23  presumably assigned to me in November, once it was indicted.

24         MR. PRAVDA:  Yes, your Honor, that's correct.

25         THE COURT:  So that's been a month.  I'm not going

1   to be here next week, so I don't know when you think that the

2   court information security officer is going to have the

3   opportunity to contact me to begin the process.  This process

4   takes quite a few months to complete.  I've been through this

5   before.  Is this your case now, or is Mr. Richardson still on

6   the case?

7           MR. PRAVDA:  It is my case, your Honor.

8   Mr. Richardson is still involved, yes.

9           THE COURT:  Ms. Colson, you wish to be heard?  Did

10  you receive a copy of the motion?

11          MS. COLSON:  I did, your Honor.  I would just like

12  to put one thing on the record regarding my own security

13  clearance, which is that I previously had security clearance.

14  It expires after five years.  It expired this spring.  I filed

15  an application for renewal in the spring, and I have not heard

16  anything from the court information security officer, other

17  than the application remains pending, and that I should go

18  ahead and review any documents, if necessary, unless I hear

19  otherwise.  So I just want to make it clear to the Court that

20  I have not received any formal notice that my renewal

21  application has been approved; nor have I received any notice

22  that it's been denied, despite my best efforts.

23          THE COURT:  I want the number to the court

24  information security office officer by noon today, because

25  this is not acceptable.  You've had a whole month to move this

1  along.  And certainly defense counsel has to have security

2  clearance, as well as anybody else in her office that may --

3  that she may need assistance from, who, in all likelihood,

4  doesn't have their own security clearance.  And at least two

5  of my law clerks have not had prior security clearance, and

6  theirs is going to take a long time to go through.  Takes a

7  the least five months.  I don't know what you were thinking.

8          MR. PRAVDA:  I'm sorry, your Honor.  We'll provide

9  that to you.

10          THE COURT:  Sorry doesn't cut it, and I'll expect

11 there will be more thought and consideration given in this

12 matter.  Well, you're asking for 30 days, but there is a good

13 possibility that I will not be available the last two weeks in

14 January and possibly the first week in February.  So either it

15 has to be the second week in January for your pretrial

16 conference, and I have a hearing scheduled for the morning of

17 Friday, the 15th, and already have other matters scheduled for

18 the 15th.  How long will this pretrial conference take?

19          MR. PRAVDA:  You mean how much time?

20          THE COURT:  Yes.  How long?  How many hours?

21 Minutes?

22          MR. PRAVDA:  I imagine it would be half an hour,

23 more or less.  I think we're just setting the schedule.  But

24 the reason why we can't do it right away is I don't know, at

25 this point, when the government will be able to complete

1  reviewing the material that it needs to review in order to be

2  able to tell the Court how long it believes it will take.

3          THE COURT:  Either we put it on for the 15th in the

4  afternoon, assuming that the parties are available, or else we

5  put it over into the second week of February.

6          MS. COLSON:  We are available on the 15th,

7  your Honor.

8          THE COURT:  Rather than waste everybody's time on

9  the 15th, if the government has not been able to complete its

10 review or hasn't come across any classified information --

11 well, I suppose we can leave it on as a status conference.

12 Let's just leave it one way or the other.  Are you available?

13         MR. PRAVDA:  I am available on the 15th.

14         THE COURT:  How about 3:30?

15         MR. PRAVDA:  That's fine, your Honor.

16         MS. COLSON:  That's fine, your Honor.

17         THE COURT:  So 3:30 on January 15th.  And does your

18 client consent to the exclusion of time?

19         MS. COLSON:  Yes.

20         THE COURT:  Time is excluded on consent and in the

21 interest of justice, for the reasons stated on the record.

22 Anything else that the parties want to raise today?

23         MR. PRAVDA:  Your Honor, should I send a letter to

24 the Court by, say, the 12th or the 13th, notifying the Court

25 whether we'll be ready to have the Section 2 conference on the

1  15th or whether it will be a regular status conference?

2          THE COURT:  We'll just have a conference on the

3  15th, one way or the other.

4          MR. PRAVDA:  Okay.

5          THE COURT:  And any other assistant that joins the

6  case is going to have to file a notice of appearance promptly,

7  Mr. Pravda.

8          MR. PRAVDA:  All right.

9          THE COURT:  Make sure, please, that I have the name

10  and number for the court information security officer.

11          MR. PRAVDA:  Yes, your Honor.

12          THE COURT:  My deputy also has to receive security

13  clearance as well.  This is a complicated process, and I don't

14  know what the government's position is.  I'm not -- I don't

15  know whether the Court information security officer that you

16  spoke to, Ms. Colson, has the authority to say go ahead and

17  look at classified information if you have an expired security

18  clearance.

19          MS. COLSON:  Yes.

20          THE COURT:  Odds are that -- I mean, you've been

21  doing a number of these cases for a while, so I'm not

22  anticipating any issues, but I also don't want there to be

23  some sort of problem that comes back and bites everybody later

24  on.

25          MS. COLSON:  I understand, your Honor.  I had spoken

1    with him several times.  I believe his name is Mike Maseesa

2    (phonetic).

3            THE COURT:  He's been sort of phased out from this;

4    there's somebody else that's doing it, but I think he's

5    transitioning out.

6            MS. COLSON:  He's the one I spoke with, and he's

7    told me on several occasions, because I have nudged him to

8    make sure my security clearance gets renewed.

9            THE COURT:  Is he the person you spoke with?

10           MR. PRAVDA:  It is Harry Drucker.

11           THE COURT:  Harry Drucker?

12           MR. PRAVDA:  Yes.  I can give his contact

13   information to your deputy right after this proceeding.

14           THE COURT:  I know that Mr. Maseesa is transitioning

15   out, so it's a new person that's taking care of these matters,

16   at least for this district anyway.  All right.  Thank you.

17           MS. COLSON:  Thank you.

18           THE COURT:  Happy holidays to all.

19           MR. PRAVDA:  Thank you, your Honor.  Happy holidays.

20           THE COURT:  Thank you, Mr. Lau.

21                   (Proceedings adjourned.)

22                            * * *

23       I certify that the foregoing is a true and correct
     transcription of the record from proceedings in the
24   above-entitled case.

25       /s/ Nicole Canales              February 25, 2016
         Nicole Canales                       Date