UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA,  :
:
                     -against-  :    **MEMORANDUM AND ORDER**
:
YING LIN,  :    15-cr-601 (S-1) (DLI)
:
                     Defendant.  :
---------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

Ying Lin ("Defendant") is charged by Superseding Indictment ("S-1") with: (1) smuggling in violation of 18 U.S.C. § 554 and 2; (2) conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; (3) obstruction of justice in violation of 18 U.S.C. § 1512(c)(2) and 2; (4) conspiracy to obstruct justice in violation of 18 U.S.C. § 1512(k); and (5) structuring financial transactions in violation of 18 U.S.C. §5324(a)(3), 5324(d)(1) and 2.

On February 17, 2017, Defendant moved to dismiss Counts One, Three, and Four of the Superseding Indictment, which are the charges related to smuggling and obstruction of justice. (*See* Def. Mot. to Dismiss ("Motion"), Dkt. Entry No. 62; S-1, Dkt. Entry No. 40.) On April 7, 2017, the Government opposed the motion. (*See* Memorandum in Opposition to Motion to Dismiss ("Opp."), Dkt. Entry No. 70.) On May 12, 2017, Defendant filed her reply. (*See* Reply to Response to Motion to Dismiss ("Reply"), Dkt. Entry No. 73.) On August 2, 2017, the Court held oral argument on the Motion. For the reasons set forth below, the Motion is granted to the extent that the smuggling count, Count One, is dismissed, with prejudice, and otherwise is denied.

**BACKGROUND**

**A. The Charged Conduct**

On August 24, 2015, the Government filed a sealed complaint against Defendant for her role in allegedly defrauding two financial entities and for allegedly evading reporting requirements

by structuring financial transactions. (*See* Sealed Complaint and Affidavit in Support of an Arrest Warrant ("Complaint" or "Compl."), Dkt. Entry No. 1.) The Complaint alleged that Defendant was an employee of an air carrier at John F. Kennedy Airport ("JFK Airport").

On November 23, 2015, a federal grand jury returned an indictment in this case ("Indictment," Dkt. Entry No. 10), charging Defendant with only one count, structuring financial transactions in violation of 31 U.S.C. § 5324(a)(3) and 18 U.S.C. § 2. On August 31, 2016, the Government superseded its indictment, charging Defendant with smuggling (Count One), conspiracy to commit wire fraud (Count Two), obstruction of justice (Count Three), and conspiracy to obstruct justice (Count Four), in addition to the previously charged count of structuring financial transactions (Count Five). The only counts at issue for purposes of the present motion are Counts One, Three, and Four for smuggling and obstruction of justice.

### B. Defendant's Motion to Dismiss

On February 17, 2017, Defendant moved to dismiss Counts One, Three, and Four of the Superseding Indictment. (Motion.) In support of her motion to dismiss the smuggling count, Defendant argues that: (1) the smuggling count fails to state an offense within the meaning of the statute, 18 U.S.C. § 554; (2) 18 U.S.C. § 554 and the Transportation Security Administration ("TSA") implementing regulations cited in support of the charge do not impose any legal obligations on private individuals like Defendant; and (3) the smuggling charge is barred by due process because Defendant had no fair notice that her alleged conduct might be criminal. (Motion at 1.) In support of her motion to dismiss the obstruction counts, Defendant argues that: (1) the obstruction of justice counts fail to allege an essential element of the offense, namely the official proceeding; (2) the actions alleged do not fall within the scope of the obstruction statute, 18 U.S.C.

§ 1512(c)(2), which concerns conduct related to tangible objects; and (3) the alleged conduct was not obstructive. (*Id.*)

## DISCUSSION

### A. The Government Fails to State an Offense for Smuggling within the Meaning of 18 U.S.C. § 554

The Government charged Defendant with a violation of 18 U.S.C. § 554 for "willfully, fraudulently and knowingly export[ing] and send[ing] . . . unaccompanied baggage aboard outbound [AirChina] flights to the [People's Republic of China], contrary to United States laws and regulations, to wit: Title 49, United States Code, Section 44906 and TSA implementing regulations." (S-1 at ¶ 21.) The Government alleges that Defendant violated 18 U.S.C. § 554 by facilitating the shipment of unaccompanied baggage to China on AirChina passenger flights, in violation of AirChina's policy against unaccompanied baggage pursuant to the TSA implementing regulations. From a plain reading of the statute, the Court finds that Defendant's alleged conduct does not constitute smuggling within the meaning of 18 U.S.C. § 554.

18 U.S.C. § 554 states:

> Whoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, **any merchandise, article, or object contrary to any law or regulation** of the United States, **or** receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of **such merchandise, article or object,** prior to exportation, **knowing the same to be intended for exportation contrary to any law or regulation** of the United States, shall be fined under this title, imprisoned not more than 10 years, or both.

(emphasis added.)

As seen from the highlighted language above, there are two ways to violate 18 U.S.C. § 554. A defendant may be convicted of smuggling if she exports an illegal item ("exports or . . . attempts to export . . . from the United States, *any merchandise, article, or object contrary to any*

3

*law or regulation*). Alternatively, a defendant may be convicted of smuggling if, prior to exportation, she facilitates exportation of an illegal item knowing that it is intended for illegal exportation ("facilitates the transportation . . . of *such merchandise, article or object*, prior to exportation, knowing the same to be intended for *exportation contrary to any law or regulation*"). In the first clause "contrary to any law or regulation" modifies "merchandise, article, or object," and that language is imported into the second clause with the phrase "such merchandise, article, or object."[1] The second clause also contains the phrase "contrary to any law or regulation," to modify "exportation." The effect of this is that the knowledge element varies in each clause. In the first, a defendant may be convicted of smuggling for knowingly exporting an illegal item, whereas a defendant may be convicted of smuggling under the second clause by facilitating the exportation of an illegal item, knowing that the item is intended for *illegal* export.

The Government claims that this is an erroneous reading of the statute, maintaining that § 554 requires that the smuggling activity, rather than the smuggled merchandise, be contrary to any law or regulation of the United States. (Opp. at 10; Transcript of August 2, 2017 Oral Argument on the Motion to Dismiss ("Oral Argument T.") 10:15-24 (stating that the Government's allegations against Defendant "relate[] not to the content of those boxes but to the manner in which the defendant proceeded to assist in sending those boxes outside of the United States.")) The Government forces this conclusion, even reworking the punctuation of § 554 in its opposition brief to suit its argument: the Government inserts the missing comma between "objects" and "contrary," thereby changing the meaning of the statute. (*See* Opp. at 10 ("Lin 'did willfully . . . export and

---

[1] In *United States v. Chi Tong Kuok*, the Ninth Circuit, examining 18 U.S.C. § 554, stated that, "'contrary to any law or regulation of the United States' is an adverbial clause modifying the verbs 'exports' and 'attempts to export,' not an adjectival clause modifying the noun 'merchandise.'" This Court disagrees. The syntax of and punctuation of the sentence, particularly the omission of a comma between "object" and "contrary" in the first clause, strongly suggests that "contrary to any law or regulation" is an adjectival clause, the way it is used in 18 U.S.C. § 545, for example. *See* 18 U.S.C. § 545 ("Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives. . .such merchandise.").

send from the United States, merchandise, articles, and **objects,** . . . contrary to the TSA regulations.") (emphasis added.)) This comma changes the meaning of the statute because it alters what "contrary to any laws or regulations" modifies.

The Government has not alleged adequate facts under a proper reading of the statute. First, Defendant could not have violated § 554 by exporting merchandise contrary to the TSA regulations alleged by the Government, because those TSA regulations do not prohibit objects for export, they only proscribe a way for a foreign air carrier to implement its own security program. *See* 49 C.F.R. § 1546.101 ("Each foreign air carrier . . . must adopt and carry out . . . a security program that meets [TSA] requirements.").

Second, the Government has not alleged what objects were smuggled, only "unaccompanied baggage aboard outbound Carrier flights to the PRC." (S-1 at ¶ 21; Oral Argument T. 8:25-9:16 ("[the Government is] not making any specific allegation as to the content of the packages" and stating that "the Government is not making [the contents of the baggage] a part of its case.") However, "unaccompanied baggage" speaks to the method of exportation, not the objects for export contained within. Baggage is not illegal for export *per se*, and the Government has not pointed to a United States law or regulation that prohibits "unaccompanied baggage." The Government can only point to TSA regulations requiring foreign air carriers to create a security program that is designed to prevent the carriage of explosive devices, prohibit unauthorized access to airplanes, ensure that checked baggage is accepted by a responsible agent, and prevent checked baggage from being loaded aboard the airplane unless handled in accordance with the foreign air carrier's security procedures. 49 C.F.R. § 1546.103. A regulation mandating a foreign air carrier to design and implement a security program meeting certain TSA specifications does not make "unaccompanied baggage" illegal merchandise for export.

5

Moreover, the TSA regulations cited by the Government are inapposite because those regulations do not apply to individual actors. Rather, the TSA regulations cited by the Government proscribe conduct for *foreign air carriers*. *See* 49 C.F.R. § 1546.101 ("Each foreign air carrier . . . must adopt and carry out . . ."); 49 C.F.R. § 1546.103(b) (requiring foreign air carriers to establish security programs designed to meet TSA requirements); 49 C.F.R. § 1546.203 ("Each foreign air carrier must . . .").

Because the Government fails to allege that Defendant exported or facilitated the exportation of "any merchandise, article, or object contrary to any law or regulation of the United States," Count One of the Superseding Indictment is dismissed, with prejudice.

**B. The Government Adequately Alleges Obstruction**

a. The Superseding Indictment sufficiently alleges an official proceeding

In Counts Three and Four, the Government alleges that Defendant obstructed and conspired to obstruct "a Federal Grand Jury investigation in the Eastern District of New York." (S-1 at ¶¶ 25, 27.) Defendant contends that the Government fails to adequately allege an "official proceeding" because the Superseding Indictment "neglect[s] to identify the specific grand jury proceeding at issue." (Mot. at 13.) Defendant relies on a thirty-two-year-old First Circuit case that is not controlling in this Court for the proposition that the Government must give the accused "at least some indication of the identity of the proceeding." *United States v. Murphy*, 762 F.2d 1151, 1154 (1st Cir. 1985). Defendant further objects to Counts Three and Four because they do not "identify the nature of Mr. Qin's purported activities." (Mot. at 13.) Defendant argues that she is left to speculate as to the official proceeding and therefore she lacks sufficient information to challenge the evidence. (*Id.* at 14-15.) The Court disagrees.

6

To state an offense under 18 U.S.C. § 1512(c)(2), the Government must allege obstructive conduct, an official proceeding, and a relationship between the defendant's obstructive conduct and the official proceeding. A federal grand jury is an official proceeding under 18 U.S.C. § 1512(c)(2). *See* 18 U.S.C. § 1515(a)(1)(A) (defining "official proceeding" to include a proceeding before a Federal grand jury). The federal grand jury need not be pending or about to be instituted at the time of the offense, it need only be foreseeable. *United States v. Tairod Nathan Webster Pugh*, No. 1:15-CR-00116-NGG, 2015 WL 9450598, at *15 (E.D.N.Y. Dec. 21, 2015) (citing *United States v. Persico*, 645 F.3d 85, 107 (2d Cir. 2011)). Thus, that Defendant was "left to speculate . . . even whether the proceeding was pending or merely foreseeable" is irrelevant. (Mot. at 14.)

b. <u>18 U.S.C. § 1512(c)(2) does not pertain solely to tangible objects</u>

18 U.S.C. § 1512 contains two clauses, as follows:

(c) Whoever corruptly—

(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; **or**

(2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both.

(emphasis added.)

Defendant, citing *Pugh,* argues that § 1512(c)(2) does not state an offense separate from § 1512(c)(1), but, instead, is meant to criminalize difficult to enumerate conduct that would otherwise slip past § 1512(c)(1)'s specific proscription. (Mot. at 16.) This Court disagrees. The plain language of the statute makes clear that § 1512(c)(2) criminalizes all obstructive conduct, not merely acts of tampering with tangible objects. *See United States v. Kumar,* No. 04 CR 846

7

S-2 ILG, 2006 WL 6589865, at *1 (E.D.N.Y. Feb. 21, 2006) (rejecting the defense that § 1512(c)(2) is designed for the protection of physical evidence).

The Second Circuit has declined to reach the question of the scope of § 1512(c)(2), and it remains an open question in this Circuit. *See United States v. Kumar,* 617 F.3d 612, 619–20 (2d Cir. 2010) ("While the government may be correct that § 1512(c)(2) applies to testimonial evidence, we need not reach this issue of first impression in this circuit, because we find that any defect asserted is non-jurisdictional and was waived by the guilty plea."). Because of the "or" separating § 1512(c)(1) and (c)(2) and the paragraph structure, this Court agrees with holdings from the Seventh and Eighth Circuits that § 1512(c)(2) is not limited to obstruction related to physical evidence. *See United States v. Volpendesto,* 746 F.3d 273, 286 (7th Cir. 2014) (finding that § 1512(c)(2) "operates as a catch-all to cover 'otherwise' obstructive behavior" that might not constitute a more specific offense like document destruction, which is listed in (c)(1)."); *United States v. Petruk,* 781 F.3d 438, 446 (8th Cir. 2015) ("While we acknowledge that § 1512(c)(1) is limited to obstruction relating to 'a record, document, or other object,' § 1512(c)(2) is not so limited.").

        c. <u>Whether the alleged conduct was obstructive is an issue for trial</u>

Finally, Defendant argues that her conduct, informing Mr. Qin of the Government's interest in his activities and advising and assisting him in returning to China, could not have obstructed the federal grand jury investigation. (Mot. at 18.) Defendant asserts that it is not illegal to notify someone of a grand jury proceeding or to assist someone in leaving the jurisdiction during the pendency of a criminal investigation. (*Id.* at 18-19.)

As the Government correctly notes, the issue is not whether Mr. Qin's leaving the jurisdiction was legal, but whether Defendant had the intent to obstruct an official proceeding.

8

(Opp. at 35.)  The Government sufficiently alleges that Defendant had the requisite intent for obstruction.  (S-1 at ¶¶ 25, 27.)  Thus, the question of Defendant's intent is properly posed to the jury to determine based upon the admissible evidence and the Court's legal instruction.  Accordingly, Defendant's motion to dismiss Counts Three and Four is denied.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss is granted to the extent that the charges pursuant to 18 U.S.C. § 554 in Count One is dismissed, with prejudice, and otherwise is denied.

SO ORDERED.

Dated:  Brooklyn, New York
       September 13, 2017

                                                  /s/
                                   DORA L. IRIZARRY
                                      Chief Judge