UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :
                    -against-                :        **MEMORANDUM & ORDER**
                                             :
YING LIN,                                    :        15-cr-601 (S-2) (DLI)
                                             :
                    Defendant.               :
------------------------------------------------------------------x
**DORA L. IRIZARRY, Chief Judge:**

    Ying Lin ("Defendant") currently awaits trial on a superseding indictment that charges her

with acting as an agent of a foreign government, conspiracy to commit wire fraud, obstruction of

justice, conspiracy to commit obstruction of justice, and structuring financial transactions.  On

May 17, 2017, the government moved for a protective order pursuant to the Classified Information

Procedures Act ("CIPA"), 18 U.S.C. App. III § 4 and Fed. R. Crim. P. 16(d)(1).  *See* Notice of

Filing of the Government's CIPA Section 4 Motion ("Second CIPA Mot."), Dkt. Entry No. 112.

With leave of the Court, the government filed its motion *ex parte* and under seal.  On June 15,

2018, also with leave of the Court, Defendant filed an *ex parte* letter supplementing its previous

opposition to the government's CIPA motion detailing Defendant's potential defenses to the

charges.  *See* Ex Parte Letter ("Def.'s Supplemental Letter"), Dkt. Entry No. 125.

    The government requests that the Court issue an order confirming its conclusion that it has

no obligation under federal law to produce certain classified materials to the defense.  Defendant

requests that the Court deny the government's request and compel the government to disclose all

classified discovery that is relevant, material, or helpful to the defense.

    For the reasons set forth below, the government's motion is granted and Defendant's

motion to disclose the underlying § 4 materials is denied.

## BACKGROUND

On November 23, 2015, a grand jury returned an indictment charging Defendant with one count of structuring financial transactions.  Indictment, Dkt. Entry No. 10.  On August 31, 2016, the government filed a Superseding Indictment (S-1) that charged Defendant with smuggling, conspiracy to commit wire fraud, obstruction of justice, and conspiracy to obstruct justice, in addition to the previously charged structuring financial transactions count.  *See* S-1, Dkt. Entry No. 40.  Defendant moved to dismiss the smuggling charge, as well as the obstruction of justice and the conspiracy to obstruct justice charges of the Superseding Indictment.  *See* Mot. to Dismiss S-1, Dkt. Entry No. 62.  The Court dismissed the smuggling charge with prejudice, but denied Defendant's motion to dismiss the obstruction of justice charges.  *See United States v. Ying Lin*, 270 F. Supp.3d 631 (E.D.N.Y. 2017).

The government first moved for a protective order pursuant to CIPA *ex parte* and under seal on March 17, 2017.  *See* Notice of filing of CIPA Section 4 ("First CIPA Mot."), Dkt. Entry No. 66.  On February 17, 2017, with leave of the Court, Defendant filed an *ex parte* motion in opposition to the Government's anticipated CIPA motion detailing Defendant's potential defenses to the charges.  *See* Ex Parte Letter, Dkt. Entry No. 64.  The Court granted the government's first CIPA Motion on September 13, 2017.  *See* Summary Order, Dkt. Entry No. 81.  The Court found that information contained in the classified materials was not discoverable in light of the Court's dismissal of the smuggling count against Defendant.  *Id.* at 3.  The Court also found that the government did not need to disclose the remaining classified information under the test set forth in *United States v. Aref*.  *Id.* at 3-4 (citing *United States v. Aref*, 533 F.3d 72 (2d Cir. 2008)).  Finally, the Court held that the remaining classified information was neither helpful nor beneficial to the defense, and was not exculpatory or impeaching.  *Id.* at 4.

The government filed a Second Superseding Indictment ("S-2") on December 6, 2017, which charges Defendant with acting as an agent of a foreign government without prior notification to the Attorney General, in addition to the previously charged counts of conspiracy to commit wire fraud, obstruction of justice, conspiracy to obstruct justice, and structuring financial transactions. *See* S-2, Dkt. Entry No. 87. In its Second CIPA Motion, the government requests that the Court again conclude that the government has no obligation under federal law to produce certain classified materials to the defense despite the added acting as an agent of a foreign government charge, which was not charged at the time the government made its First CIPA Motion. On June 15, 2018, with permission from the Court, Defendant filed an *ex parte* letter in opposition to the Second CIPA Motion, providing Defendant's potential defenses to the charges in the Second Superseding Indictment. *See* Ex Parte Letter, Dkt. Entry No. 125.

## LEGAL STANDARD

CIPA establishes procedures for handling classified information in criminal cases. The statute provides:

> The [district] court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. III § 4.

"CIPA establishes rules for the management of criminal cases involving classified information." *In re Terrorist Bombings of U .S. Embassies in E. Africa,* 552 F.3d 93, 115 (2d Cir. 2008). "Its animating purpose is to harmonize a [criminal] defendant's right to obtain and present

exculpatory material with the Government's need to withhold information from discovery when disclosure would be inimical to national security." *Id.* at 115–16 (internal quotation marks and citations omitted).  Section 4 acknowledges a government privilege against disclosing classified information, but does not itself create a privilege.  *See Aref,* 533 F.3d at 78.

Interpreting § 4, the Second Circuit in *Aref* established a three-prong test to determine whether classified material should be disclosed.  "[T]he district court must first decide whether the classified information the Government possesses is discoverable." *Aref,* 533 F.3d at 80.  Second, the district court must determine whether the state secrets privilege applies. *Id.*  To determine whether the state secrets privilege applies, the court must find that "(1) there is a reasonable danger that compulsion of the evidence will expose . . . matters which, in the interest of national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *Id.*  Third, "[i]f the evidence is discoverable but the information is privileged, the court must next decide whether the information is helpful or material to the defense, *i.e.,* useful 'to counter the government's case or to bolster a defense.'" *Id.* (citing *United States v. Stevens,* 985 F.2d 1175, 1180 (2d Cir. 1993).  In assessing the materiality of the withheld information, the court must consider "not only the logical relationship between the information and the issues in the case, but also the importance of the information in light of the evidence as a whole.'" *In re Terrorist Bombings,* 552 F.3d at 125.

## DISCUSSION

After reviewing the classified materials at length and examining the potential defenses set forth by Defendant, the Court finds that the information is not discoverable.  Some of the information has nothing to do with the issues in this case and much of the information has nothing to do with the allegations against Defendant. *See, e.g., United States v. Scarpa,* 897 F.2d 63, 70

(2d Cir. 1990) (holding that Rule 16 did not require the government to disclose tape recordings of defendant that were "wholly innocuous" or had nothing to do with the crime charged). As such, this category of information need not be evaluated under the second and third prongs of the *Aref* test.

The government requests authorization to withhold classified materials that are potentially useful to impeach government witnesses, but are duplicitous of discovery materials that are not classified. Authorization to substitute evidence under CIPA is warranted if the Court "finds that the [substituted] statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." CIPA § 6(c); *see United States v. Abu-Jihaad*, 630 F.3d 102, 140 (2d Cir. 2010) (affirming the district court's discretion under § 4 to decide "whether unclassified summaries or admissions are properly substituted to classified information"). The Court finds that the production of the classified information may expose "matters which, in the interest of national security should not be divulged." *Aref*, 533 F.3d at 79 (internal quotation marks omitted). The government's submission includes declarations asserting the state secrets privilege by each appropriate head of the department that has control over the material. *See Abu-Jihaad,* 630 F.3d at 140. Moreover, the classified information is duplicitous of discovery materials that the government will produce to Defendant. Accordingly, the government may invoke the state secrets privilege to withhold the classified information without impinging on Defendant's right to a fair trial.

The remaining information, which the Court liberally construes as potentially discoverable, need not be disclosed under the second and third prongs of the *Aref* test. The Court finds that the government properly has invoked the state secrets privilege. *See Aref,* 533 F. 3d at 78-79. Upon review of the government's CIPA motion, the Court finds that there is a real and palpable danger

that production of the evidence "will expose . . . matters which, in the interest of national security, should not be divulged." *Id.* at 80. Again, the government's submission includes declarations asserting the privilege by each appropriate head of the department that has control over the material. *See Abu-Jihaad,* 630 F.3d at 140.

The Court further concludes that the remaining material cannot be seen as helpful or beneficial to the defense, or as exculpatory or impeaching. In drawing this conclusion, the Court considers the logical relationship between the information and the issues in the case, the defenses Defendant seeks to assert, and the importance of the information in light of the evidence as a whole. Given the totality of the evidence, the classified material neither counters the government's case nor bolsters the defenses as laid out in Defendant's *ex parte* filings. Thus, the Court finds that the classified materials do not satisfy the "relevant or helpful" standard, and that disclosure is not essential to a fair determination of this case. Moreover, given the comprehensiveness of Defendant's *ex parte* submission discussing her asserted defenses, the Court finds that an additional in person, *in camera* conference is unnecessary. Accordingly, Defendant's request for an *in camera* conference on this issue is denied.

## CONCLUSION

For the reasons set forth above, the Court grants the Government's motion for a protective order pursuant to § 4 of CIPA in its entirety and Defendant's motion for disclosure of the CIPA § 4 material and for an *in camera* conference is denied.

SO ORDERED.

Dated:  Brooklyn, New York
       July 11, 2018

_____/s/_____
DORA L. IRIZARRY
Chief Judge