# EXHIBIT A

# COLSON LAW

Colson Law PLLC
80 Broad Street, 19th Floor
New York, NY 10004
(212) 257-6455
www.colsonlaw.com

November 23, 2016

By Email

AUSA Alex Solomon
AUSA Doug Pravda
AUSA Ian Richardson
US Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Ying Lin,* 15 Cr. 601

Dear Mr. Solomon, Mr. Pravda, and Mr. Richardson:

Thank you for the discovery provided to date. Please accept this letter in lieu of a formal motion for additional discovery and particulars.

1. **Brady Material:** Pursuant to the Constitutional requirements of *United States v. Agurs,* 427 U.S. 97 (1976), *Giles v. Maryland,* 386 U.S. 66 (1967), and *Brady v. Maryland,* 373 U.S. 83 (1963), please provide any exculpatory evidence or information, or any evidence or statements that may be favorable to Ms. Lin or may tend to exonerate her, which is in the possession or control of the government or its agents, or, if unknown, can by due diligence become known or acquired by the government or its agents, including:

   A. Communications with Qin Fei and his Attorney: All records, reports, memoranda, notes, emails, texts, or other writings that contain the substance of any oral or written statements made by government attorneys or law enforcement authorities to Qin Fei through his attorney, Abby Lowell, in September and October 2015. Include all representations as to whether Qin Fei was a witness, target, or subject of a criminal or grand jury investigation, whether he was under surveillance, and whether he was permitted to travel. Where the statements are contained in more than one report, provide each such report.

   B. Interrogation of Qin Fei: All law enforcement reports, documents, memoranda, notes, emails, or texts referencing the interaction between law enforcement agents and Qin Fei on September 19, 2015, in or around the Waldorf Astoria Hotel. Include all representations made to Qin Fei as to whether he was a witness, target, or subject of a criminal or grand jury investigation.

Page 2

C. <u>Surveillance of Qin Fei</u>: All surveillance logs, law enforcement reports, documents, memoranda, notes, emails, or texts memorializing the surveillance of Qin Fei by law enforcement agents in September and October 2015. Also state the dates of surveillance, the scope and nature of the surveillance, and the number and names of all law enforcement agents involved.

D. <u>Communications Regarding Qin Fei</u>: The substance of all oral and written communications exchanged in September and October 2015 between any and all members of the Justice Department, including but not limited to agents or employees of the U.S. Attorney's offices in the Southern and Eastern Districts of New York, regarding the surveillance and investigation of Qin Fei.

E. <u>Electronic Communications</u>: Any and all calls, emails, texts, chats or other electronic communications made or sent by Qin Fei or others in September and October 2015 indicating that Qin Fei knew or suspected he was under surveillance and/or knew or suspected there was a criminal or grand jury investigation against him. Include all such communications, including any obtained or derived pursuant to the Foreign Intelligence Surveillance Act of 1978 ("FISA"). Also provide all FISA or warrant applications, supporting affidavits, and reports of returns.

F. <u>Interrogation of Ms. Lin's Daughters</u>: All records, reports, memoranda, notes, emails, texts or other writings memorializing the interviews of Ms. Lin's daughters on October 20, 2015, specifically the questions asked and responses provided regarding Qin Fei.

G. <u>Refusal</u>: All written statements or the substance of any oral statements made at any time by Ms. Lin in which she refused to participate in any of the acts alleged in the S-1 indictment.

H. <u>Identification</u>: Reports of any statement by any prospective witness, agent, or informant who, having been in a position to observe Ms. Lin in a location relevant to the commission of any of the alleged offenses, failed at a later date to identify Ms. Lin as the person who was in that location.

I. <u>Witness Statements</u>: All written statements or the substance of any oral statements made by any prospective government witness, non-witness declarant, indicted or unindicted co-conspirator, or any other person, that are exculpatory or favorable to Ms. Lin or inconsistent with any fact the government alleges with respect to the charges in the S-1 indictment.

22314.docx

Page 3

J.   Physical Evidence: All physical evidence, reports, or test results that are exculpatory or favorable to Ms. Lin or inconsistent with any fact the government alleges with respect to the charges in the S-1 indictment.

K.   Mental Illness, Drug and Alcohol Use: Reports of mental illness, drug use, excessive alcoholism, or any medical condition (physical, psychological, or psychiatric) of any prospective government witness or informant that might affect the witness' ability to observe or remember or might show such witness's bias, partiality, or incompetence.

L.   Witness Criminal Records: Any prospective government witness' criminal record, including any federal, state, or local "rap sheet." If there is a record, provide it one month prior to trial so that supporting documents can be subpoenaed.

M.   Uncharged Criminal Behavior: Any and all government reports or notes regarding any witness' uncharged criminal behavior.

N.   Additional Information: Any other information about any prospective government witness or informant that impeaches his or her credibility by demonstrating interest, motive, prejudice, hostility, or means for obtaining knowledge or associations.

That some of the above evidence may have both incriminatory and exculpatory aspects does not preclude its treatment as *Brady* material. *See United States v. Mahaffy,* 693 F.3d 113, 130 (2d Cir. 2012); *United States v. Rivas,* 377 F.3d 195, 199-200 (2d Cir. 2004). Nor is the exculpatory value of information negated by the government's possession of contradictory evidence. *See United Sates v. Rittweger,* 524 F.3d 171, 181 (2d Cir. 2008).

2.   **Bill of Particulars:** Pursuant to Federal Rule of Criminal Procedure 7(f); *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir. 1987) (district court erred in failing to order a bill of particulars listing dates of false burglaries and identities of fraudulent documents); *United States v. Ajemian,* 11 Cr. 1091, 2012 WL 6762011, at *2 (S.D.N.Y. Dec. 2012) (ordering government to show cause why it should not produce names of unindicted co-conspirators); and *United States v. Nachamie,* 91 F.Supp.2d 565 (S.D.N.Y. Jan. 2000) (ordering bill of particulars where defendants were charged with Medicare fraud but not informed which claims were false), please provide a bill of particulars, identifying:

A.   Smuggling Activities: The specific dates on which Ms. Lin used her position as a counter agent with Air China to smuggle items onto carrier flights, the specific items or materials smuggled on each date, and whether Ms. Lin acted as a principal or aided and abetted the smuggling.

Page 4

B. <u>Structuring</u>: The specific dates on which Ms. Lin structured transactions, the amounts of each cash transaction by date, and the bank(s) where each transaction occurred by date.

C. <u>Unindicted Co-Conspirators</u>: The names of all unindicted co-conspirators who participated or were present for any of the offenses charged in the S-1 indictment.

3. **The Defendant's Statements:**

A. <u>Written or Oral Statements</u>: Provide all records, reports, memoranda, notes, or other writings that contain the substance of any oral or written statements made by Ms. Lin, and/or any indicted or unindicted co-conspirator, to government or law enforcement authorities. Include internal reports and memoranda prepared by law enforcement agents to the extent that Ms. Lin's statements are related or described. Where Ms. Lin's statements are contained in more than one report, provide each such report.

B. <u>August 25, 2015</u>: We acknowledge receipt of the video recording and transcript of Ms. Lin's post-arrest statements on August 25, 2015. Also provide:

   i.   Any other reports, documents, records or handwritten notes containing the substance of Ms. Lin's written or oral statements on that day, including but not limited to reports of statements that were *not captured on video*. Provide all such statements regardless of the government's intentions with respect to their use at trial. Include internal reports and memoranda prepared by law enforcement agents to the extent that Ms. Lin's statements are related or described. Where Ms. Lin's statements are contained in more than one report, provide each such report.

   ii.  Any reports, documents, records, or electronic communications relating to or reflecting the purpose and goals of the questioning on that day, and what agents told Ms. Lin the purpose and goals of the questioning were.

   iii. A copy of the signed *Miranda* waiver form.

C. <u>September 21, 2015</u>: Provide all records, reports, memoranda, notes or other writings that contain the substance of any oral statements made by Ms. Lin, regardless of the government's intentions with respect to their use at trial. Include internal reports and memoranda prepared by law enforcement agents to the extent that Ms. Lin's statements are related or described. Where Ms. Lin's statements are contained in more than one report, provide each such report.

22314.docx

Page 5

D. <u>October 8, 2015</u>: With respect to the interrogation of Ms. Lin by HSI agents on October 8, 2015, provide:

    i.    All written or recorded statements made by Ms. Lin, regardless of the government's intentions with respect to their use at trial. Include internal reports and memoranda prepared by law enforcement agents to the extent that Ms. Lin's statements are related or described. Where Ms. Lin's statements are contained in more than one report, provide each such report.

    ii.    All records, reports, memoranda, notes or other writings that contain the substance of any oral statements made by Ms. Lin, regardless of the government's intentions with respect to their use at trial. Include internal reports and memoranda prepared by law enforcement agents to the extent that Ms. Lin's statements are related or described. Where Ms. Lin's statements are contained in more than one report, provide each such report.

    iii.    Any and all consent forms presented to and/or signed by Ms. Lin and any reports or records documenting her consent to search.

E. <u>April 5, 2016</u>: Please state whether Ms. Lin was questioned by the agents who searched her home on April 5, 2016. Also provide:

    i.    All written or recorded statements made by Ms. Lin, regardless of the government's intentions with respect to their use at trial. Include internal reports and memoranda prepared by law enforcement agents to the extent that Ms. Lin's statements are related or described. Where Ms. Lin's statements are contained in more than one report, provide each such writing.

    ii.    All records, reports, memoranda, notes or other writings that contain the substance of any oral statements made by Ms. Lin, regardless of the government's intentions with respect to their use at trial. Include internal reports and memoranda prepared by law enforcement agents to the extent that Ms. Lin's statements are related or described. Where Ms. Lin's statements are contained in more than one report, provide each such writing.

    iii.    Any and all consent forms presented to and/or signed by Ms. Lin and any reports or records documenting her consent to search.

22314.docx

Page 6

4. **Documents and Tangible Objects**:

    A. <u>Un-redacted Search Warrant Affidavit</u>: You have already provided an inventory of items seized from Ms. Lin's residence on April 5, 2016. Also provide an un-redacted copy of the supporting affidavit and the names of any and all agents who participated in the search.

    B. <u>Air China Model Security Program</u>: Provide a full and complete copy of the current Air China model security program as well as the February 17, 2002, and September 30, 2013, versions referred to in paragraph four of the S-1 indictment.

    C. <u>PRC Mission and Consulate Memoranda and Letters</u>:  Provide any and all memoranda, letters, reports, documents, certificates, notes, or electronic communications between Air China employees or executives and members of the PRC Consulate or PRC Mission discussing, mentioning, proposing, or arranging for the shipment of unaccompanied baggage, packages, or documents on Air China flights. Include all such documents no matter their date of creation.

    D. <u>Hard Files and Paper Documents Seized from Air China</u>: We acknowledge receipt of the various computers and electronic devices seized from the Air China offices on April 5, 2016. All provide all hard files and paper documents seized on that day.

    E. <u>Identification Procedures</u>: If, during the course of the investigation of this matter, Ms. Lin's photograph, likeness, or image was exhibited to anyone not then employed by a law enforcement agency, provide the date, time, and place of each occurrence, a description of the identification procedure used, and the names of the persons, including counsel who were present. Also include notes or reports generated in connection with the procedure.

5. **Electronic Surveillance**:

    A. <u>Warrants</u>: State whether any of Ms. Lin's statements, or the statements of any indicted or unindicted co-conspirators, were obtained through the use of electronic surveillance. If so, provide copies of all warrants for such surveillance, sealing orders, supporting affidavits and reports of returns, whether or not any arrests, or seizures were made as a result of the applications.

    B. <u>FISA Evidence</u>: State whether evidence was obtained or derived against Ms. Lin or any indicted or unindicted co-conspirator pursuant to the Foreign Intelligence Surveillance Act of 1978 ("FISA"). Provide copies of all such evidence obtained and derived under FISA. Include recordings of all calls, emails, texts, chats or other

Page 7

electronic communications made or sent by Ms. Lin or others, including indicted or unindicted co-conspirators. Also provide all FISA applications, supporting affidavits and reports of returns, whether or not any surveillance or seizures were made as a result of the applications.

C. Warrantless: Produce notice and the content of any intercepted communications containing Ms. Lin's statements, or those of indicted or unindicted co-conspirators, that were obtained in the absence of a warrant or other court order.

D. NSA: In regard to (c) above, please inquire formally of the Director of the National Security Agency ("NSA") whether Ms. Lin, her lawyers, family members, witnesses, or any others involved in the case have been subject to surveillance of their telephones, faxes, email, or other electronic communications, or surveillance or interception of any kind pursuant to any program or operation.

E. DIA: Make the same request described in paragraph (d) above of the Director of Defense Intelligence Agency ("DIA"), and all other federal law enforcement, intelligence, military or other agencies or departments. The inquiry must extend to the central log of intercepts maintained by any of these agencies or departments, or any other law enforcement agency, including the FBI.

F. Use in Surveillance Applications: Disclose whether any intercepted communications obtained without court order, or the fruits thereof, were used directly or indirectly in any applications seeking court approval for the surveillance of Ms. Lin or any indicted or unindicted co-conspirator, whether under FISA or any other provision of law.

6. **Expert Testimony/Reports of Examinations and Tests**:

A. Expert Witnesses: With regard to any expert witness the government intends to call at trial, please provide the name of the witness and the witness' qualifications; a written summary of the witness' expected testimony; and a written summary of the bases for the witness' testimony, including any hearsay used by the witness in forming an opinion; the authorities, treatises, witnesses and other experts consulted in forming an opinion; and any written or oral reports, tests, investigations, or other information permitted by Federal Rule of Evidence 703 as the basis for an opinion.

B. Scientific Tests and Experiments: Provide copies of the results or reports of any scientific tests and experiments or computer analyses, including physical or mental examinations and reports thereof, in the possession, custody or control of the government or its agents, the existence of which are known or by the exercise of due diligence may become known to the attorneys for the government, which may be

22314.docx

material to the preparation of the defense case or are intended for use by the government at trial.

7. **Witnesses:**

   A. Witnesses: Provide a list of witnesses the government intends to call at trial and their addresses, agency affiliations (if relevant), and criminal records, if any. Also provide all prior witness statements.

   B. Other Persons: Provide the names and addresses of all persons who the government does not intend to call as witnesses at trial but who were present during any part of the commission of the acts alleged in the S-1 indictment.

   C. Cooperation Agreements: Provide copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective witness offering assistance to the witness in obtaining leniency in any court, foreign or domestic, or any other favorable treatment or consideration for the efforts made by the witness in connection with any aspect of this case.

8. **Informants:**

   A. Informants: State whether any government informant is alleged to have participated in or been present for any of the acts alleged in the S-1 indictment, and provide the names and addresses of any and all such persons. Further state whether any government informant provided any information which led to the arrest of Ms. Lin.

   B. Additional Information: If the answer to any part of (a) above is "yes," state whether the informant was registered; has worked for the government in the past; has a prior criminal record and if so, provide it; was paid in connection with this case and if so, how much; and has any pending cases, and if so, whether any assistance or consideration was offered or is intended by the government to be offered on behalf of the informant with respect to any pending case. Further state whether any government informant provided probable cause for the arrest or apprehension of Ms. Lin or seizure of evidence, and if so make the informant available for an in camera inspection by the court.

   C. Cooperation Agreements: Provide copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective informant offering assistance to the informant in obtaining leniency in any court, foreign or domestic, or any other favorable treatment or consideration for the efforts made by the informant in connection with any aspect of this case.

Page 9

Thank you for your attention to these requests. If any of the above information is unavailable now but becomes available in the future, please consider these requests as ongoing, and provide the new information as soon as it becomes available.

Very truly yours,

/s/

Deborah Colson
(212) 257-6455

22314.docx