

Colson Law PLLC
80 Broad Street, 19th Floor
New York, NY 10004
(212) 257-6455
www.colsonlaw.com

March 14, 2019

BY ECF

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

      Re:   *United States v. Ying Lin,* 15 Cr. 601
             *Motion for Discovery*

Dear Judge Donnelly:

      I write pursuant to Federal Rules of Criminal Procedure 16 and 7(f) to respectfully request that the Court order the government to disclose the following information in connection with Counts Three and Four of the S-2 indictment, which charge Ms. Lin with obstruction of justice and conspiracy to obstruct justice in violation of 18 U.S.C. 1512(c)(2).

1. The target and subject matter of the "Federal Grand Jury Investigation" referenced in Counts Three and Four;

2. A copy of the subpoena served on Qin Fei; and

3. The obstructive conduct, if any, following Mr. Qin's departure from the United States on October 28, 2015.

      Section 1512(c)(2) requires proof of three elements: (1) corrupt intent, (2) awareness of a pending or reasonably foreseeable official proceeding, and (3) obstruction or attempted obstruction of that proceeding. *United States v. Batista*, 6-CR-264, 2010 WL 1193314, *10 (E.D.N.Y. March 24, 2010).

      Congress has defined an "official proceeding" as one before a judge or grand jury, Congress, a federal government agency, insurance regulatory official, agency, agent or examiner. *See* 18 U.S.C. § 1515(a)(1). An official proceeding must involve "a detailed process of review and decision-making." *United States v. Perez,* 575 F.3d 164, 169 (2d Cir. 2009). A preliminary law enforcement investigation does not qualify. *Id.*

      Counts Three and Four set forth a boilerplate allegation of the official proceeding at issue here. It is described as "a Federal Grand Jury Investigation in the Eastern District of New York." (S-2 Ind. §§ 42, 44.) The indictment does not identify any specific grand jury proceeding, whether existing or

The Honorable Ann M. Donnelly
United States District Judge
March 14, 2019
Page 2

reasonably foreseeable. Accordingly, Ms. Lin moved to dismiss these counts for failure to allege an official proceeding. *See* Dkt No. 63 at 12.

We have now learned that the government has taken inconsistent positions with respect to the official proceeding:

- On November 4, 2015, EDNY prosecutors advised Mr. Qin's lawyer, Abbe D. Lowell, Esq., that Mr. Qin was "not a target" of a grand jury investigation. Mr. Qin had received a grand jury subpoena, and Mr. Lowell had called the prosecutors to discuss his client's appearance. *See* Bates LY034871-872.[1]

- On April 7, 2017, opposing Ms. Lin's motion to dismiss, the government identified the official proceeding as a federal grand jury investigation "*of the Confederate's activities*." Dkt No. 70 at 26 (emphasis added).[2] (Throughout this case, the government has used the term "Confederate" in reference to Ms. Lin's alleged co-conspirator, Qin Fei.)

Thus, in 2015, the government represented that Mr. Qin was not a target of the grand jury investigation; but in 2017, the government stated that there was a grand jury investigating the "activities" of Mr. Qin.

Ms. Lin cannot defend against the obstruction charges if she does not know of the official proceeding she intended to obstruct (if such proceeding even existed). *See United States v. Murphy,* 762 F.2d 1151, 1154 (1st Cir. 1985) ("Crucial to preparation of any defense to a charge under the statute is at least some indication of the identity of the [official] proceeding."). Therefore, we

---

[1] On March 6, 2019, the government first produced to defense counsel the FBI 302 report and notes concerning this conversation. *See* Bates LY034871-YL872. These documents are not attached, but we will make them available to Your Honor on request.

[2] Specifically, the government stated:

> [T]o the extent the court wishes to construe Lin's motion as a request for a bill of particulars (as with the Section 554 claim), the government has now explained that *the trial proof will show that there was a pending grand jury investigation of the Confederate's activities*. Such additional detail provides more than adequate notice for Lin to defend against the charges contained in the Superseding Indictment.

*Id.* (emphasis added).

The Honorable Ann M. Donnelly
United States District Judge
March 14, 2019
Page 3

respectfully request that the Court order the government to disclose the target and subject matter of the federal grand jury investigation referenced in Counts Three and Four.

      Second, we respectfully request that the government be ordered to provide a copy of the subpoena served on Mr. Qin. The government previously objected to production of this subpoena as irrelevant to Ms. Lin's state of mind. But the subpoena is not irrelevant under the government's theory of prosecution. The S-2 indictment alleges that the obstruction continued for six months after Mr. Qin left New York and that he failed to comply with the subpoena during this period. *See* Dkt No. 144 at 2 ("At trial, the government will prove that, moments before the Confederate boarded a flight …FBI agents served the Confederate with a subpoena commanding his appearance on November 5, 2015...The government will further prove that the Confederate has never returned from the PRC to testify in the grand jury."). Such evidence may create the misimpression that Mr. Qin fled New York illegally to avoid having to testify, or that Ms. Lin advised him not to return. Thus, the government has squarely made the subpoena an issue.

      Third, the government should be required to disclose the nature of Ms. Lin or Mr. Qin's alleged obstructive conduct, if any, after Mr. Qin left New York. Recent discovery produced by the government confirms that Mr. Qin acted in good faith after being served. His lawyer contacted prosecutors to discuss potential dates for his grand jury appearance and to invoke his right against self-incrimination. There is no evidence that the government pursued the matter after that date.

      Thank you for your consideration.

                                      Respectfully submitted,

                                      /s/

                                      Deborah Colson

cc:   AUSA Doug Pravda