

U.S. Department of Justice

United States Attorney
Eastern District of New York

DMP
F. #2014R00564

271 Cadman Plaza East
Brooklyn, New York 11201

March 28, 2019

By ECF

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Ying Lin
     Criminal Docket No. 15-601 (AMD)

Dear Judge Donnelly:

  The government respectfully submits this letter in response to the defendant's March 14, 2019 motion to compel discovery. For the reasons that follow, the Court should deny the defendant's motion.

  <u>Requests Pursuant to Federal Rule of Criminal Procedure 7(f)</u>

  The defendant makes two requests for information about the government's charges pursuant to Federal Rule of Criminal Procedure 7(f), which permits a defendant to move for a bill of particulars within 14 days after arraignment or at a later time only if the Court permits. Such a bill of particulars is not appropriate here.

  Indeed, it is well-settled that a bill of particulars is "required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." <u>United States v. Walsh</u>, 194 F.3d 37, 47 (2d Cir. 1999). That is not the case here, particularly where Judge Irizarry has already upheld the sufficiency of the indictment against a challenge that the obstruction counts should be dismissed because they allegedly failed to identify the specific grand jury proceeding at issue and failed to identify the nature of Qin Fei's activities. (<u>See</u> Memorandum and Order, dated Sept 13, 2017, Doc. No. 80, at 6-7).

  It is similarly well-settled that a bill of particulars is not to be used as a tool to obtain discovery or to force the government to disclose its legal theory. "A bill of particulars may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial." <u>United States v. Taylor</u>, 17 F. Supp. 3d 162, 178 (E.D.N.Y.

2014) (Irizarry, Ch. J.); see also United States v. Torres, 901 F.2d 205, 234 (2d Cir 1990) ("Acquisition of evidentiary detail is not the function of the bill of particulars." (citation omitted)); United States v. Santoro, 647 F. Supp. 153, 188 (E.D.N.Y. 1986) (bill of particulars "is not to be used . . . to force the government to disclose its evidence . . . or its legal theory" (citations omitted)).

Nevertheless, the government has already provided information responsive to the defendant's request that the government identify the "target and subject matter" of the grand jury investigation referenced in the obstruction counts. In connection with the defendant's motion to dismiss the obstruction charges, the government disclosed that there was a pending federal grand jury investigation of the activities of an individual named Qin Fei. (See Gov't Opp. to Defense Motion to Compel, dated Nov. 2, 2018, Doc. No. 144, at 2).

The defendant now argues that the government's representation is contradicted by documents in the government's recent March 6, 2019 production. On the contrary, there is nothing in the government's production that is inconsistent with its prior representation, nor has the government taken any inconsistent positions regarding the grand jury proceeding at issue.

When the government spoke with Abbe Lowell, the attorney for Qin Fei, on November 4, 2015, regarding a grand jury subpoena that was served on Qin Fei on October 28, 2015, the government advised Mr. Lowell that Qin Fei was not a "target" of a grand jury investigation. The term "target" is a term of art. As defined in the Justice Manual (which was until recently known as the U.S. Attorneys' Manual), a "target" of a grand jury investigation is "a person as to whom the prosecutor or the grand jury has substantial evidence linking him or her to the commission of a crime and who, in the judgment of the prosecutor, is a putative defendant." In contrast, a "subject" of a grand jury investigation is "a person whose conduct is within the scope of the grand jury's investigation." See Justice Manual, Title 9, Section 11.151 (available at https://www.justice.gov/jm/jm-9-11000-grand-jury#9-11.151). This distinction is critical. A grand jury may investigate an individual's activities without an individual being a "target" of that investigation.

Thus, the fact that the government told Mr. Lowell that Qin Fei was not the "target" of a grand jury investigation is not inconsistent with the fact that the grand jury was investigating Qin Fei and his activities. The government's statement that Qin Fei was not a "target" does not mean, as the defendant's letter suggests, that the grand jury was not investigating Qin Fei.

No further disclosure is necessary or warranted. Indeed, the identity of the target of a grand jury proceeding and the nature of the crimes under investigation in that proceeding are not elements of a Section 1512(c)(2) charge and therefore do not need to be proven at trial. Rather, the elements are (1) that the defendant obstructed, influenced, or impeded an official proceeding and (2) that the defendant acted corruptly. See Sand, Modern Federal Jury Instructions—Criminal, Instruction 46-69.

Judge Irizarry has already held in this case that the indictment was not defective for failing to specify the identity of the target of the grand jury proceeding or the crimes under investigation. (See Memorandum and Order, dated Sept 13, 2017, Doc. No. 80, at 6-7). In fact, the defendant cites to a First Circuit case, United States v. Murphy, 762 F.2d 1151, 1154 (1st Cir. 1985), for the proposition that she is entitled to information about the identity of the official proceeding without acknowledging that Judge Irizarry has already rejected this argument. Specifically, Judge Irizarry described Murphy as a "thirty-two-year-old First Circuit case that is not controlling in this Court." Rather, Judge Irizarry explained that because the grand jury proceeding need only be foreseeable, and not even pending or about to be instituted, information about the identity of the target and the nature of the crimes under investigation was "irrelevant." (Id. at 7).

Next, the defendant requests that the government disclose the nature of Ms. Lin's or Mr. Qin's alleged obstructive conduct after Mr. Qin left New York. While no bill of particulars is appropriate as to this issue for all the reasons set forth above, the government notes that, at this time, it does not intend to offer evidence that the defendant took any affirmative obstructive acts following Qin Fei's departure from the United States on October 28, 2015. Rather, as the government has previously stated, it intends to prove at trial that Qin Fei failed to return to the United States after his departure to comply with the grand jury subpoena with which he was served as he was boarding a flight at JFK Airport bound for the People's Republic of China. (See Gov't Opp. to Defense Motion to Compel, dated Nov. 2, 2018, Doc. No. 144, at 2).

Request Pursuant to Federal Rule of Criminal Procedure 16

The defendant also seeks to compel the government to disclose, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the subpoena that the government served upon Qin Fei. The defendant has failed to meet her burden of showing that the subpoena is relevant or discoverable under Rule 16.

Indeed, given that the government does not at this time intend to argue that the defendant took any affirmative obstructive acts following Qin Fei's departure from the United States, it is clear that there is no relevance to the subpoena that was served upon Qin Fei as he was leaving, outside of testimony that such a subpoena was served. The contents of a document of which the defendant was unaware when she committed affirmative obstructive acts prior to Qin Fei's departure could not possibly be relevant to her state of mind when she committed those acts.

The defendant argues that the subpoena is necessary to correct the "misimpression" that Qin Fei fled New York illegally to avoid having to testify or that the defendant advised him not to return following his departure. But the government will not present either argument to the jury; thus there will be no "misimpression" to correct. Even if there were, the defendant makes no showing as to how the subpoena itself would cure any such "misimpression."

For all these reasons, the Court should deny the defendant's motion to compel discovery.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/ Douglas M. Pravda
Douglas M. Pravda
Assistant U.S. Attorney
(718) 254-6268

cc: Clerk of the Court (AMD) (by ECF)
Deborah Colson, Esq., counsel for the defendant (by ECF)
Jill Shellow, Esq., counsel for the defendant (by ECF)